# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9382 | **DATE** | 7/19/2002 |
| **CASE TITLE** | Central States etc. et al. Vs. David and Janelle, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moves for summary judgment. That motion is denied. Status hearing set for July 31, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 23 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 02 JUL 22 AM 9:23 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
and HOWARD McDOUGALL, trustee, )
)
Plaintiffs, )
)
vs. ) No. 01 C 9382
)
DAVID AND JANELLE, INC., f/k/a )
MC INERNEY-MILLER BROTHERS, INC., )
a Michigan corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Roger Hack was allegedly employed by McInerney-Miller Brothers, Inc. (Brothers) during a period that included July 1985 through March 1987. According to plaintiffs, Brothers was required to report Hack's hours during that period and to pay pension contributions, and it failed to do so. It now sues to recover ERISA contributions. Defendant moves for summary judgment. That motion is denied.

Things have changed since 1987. In 1999 Brothers contributed its assets and its name, among other things, to MMB, L.L.C. (MMB), and also assigned some liabilities, and Brothers largely went out of business. It is MMB that now operates the business and, defendant claims, if plaintiffs have a claim they should pursue it against MMB as the successor in interest. But plaintiffs do not sue David and Janelle, Inc. as a successor in interest. Rather, David and Janelle, Inc. is a name change of Brothers, although it is now a very skinned-down Brothers. The alleged failure to contribute occurred on Brothers' watch and that liability, we surmise, was not assumed by MMB. Any liability is that of David and Janelle, Inc., as it is what is left of Brothers.

Defendant also contends the suit is barred by the statute of limitations and by *laches*. The limitations period is, however, ten years, Central States, Southeast and Southwest Areas Pension Fund v. Jordan, 873 F.2d 149 (7th Cir. 1989), and this circuit follows the discovery rule, Cada v. Baxter Heathcare Corp., 920 F.2d 446 (7th Cir. 1991). The plaintiffs rely upon the employer's self-reporting and, since these hours were not reported, plaintiffs represent that it was unaware, and could not have become aware, of the claim until Hack raised the matter in 1995. The suit is therefore within the limitations period. But what about *laches*? Plaintiffs argue that defendant must show that it reasonably relied upon a plaintiff's failure to file suit and that, based on the assumption that the plaintiffs would not sue, the defendant altered its position in a detrimental manner. That is, certainly, one formulation of the *laches* concept, but not the only one. Another is an unreasonable delay in pressing one's rights that prejudices the defendant, and that prejudice includes loss of evidence and an increase in damages. Cook v. City of Chicago, 192 F.3d 693 (7th Cir. 1999). Here plaintiffs waited more than six years to bring suit after being advised of the possible claim. Defendant, in argument, contends that records destroyed after the 1999 transaction would have showed Hack was a supervisor (at less than $8 per hour?). And there has been some increase in damages because of subsequent interest and, therefore, an enhanced penalty. But argument is not a substitute for a specific record of prejudice, and that has yet to be provided.

The amount involved is not very much We suggest to the parties that they resolve this matter without further expenditure of time and effort.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 19, 2002.